**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| WILSON BAQUERO,<br><br>                         Plaintiff,<br><br>        v.<br><br>CITY OF RAHWAY MUNICIPAL<br>COURT, *et al.*,<br><br>                         Defendants. | Civil Action No. 25-12124 (JXN) (JBC)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Wilson Baquero's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2), and Notice of Removal ("NOR") (ECF No. 1) through which he seeks a review of an adjudicated case in the City of Rahway Municipal Court. Plaintiff also filed a Notice of Federal Supplementation of Record ("Suppl. Notice") in support of his application for removal. (ECF No. 2.) Based on the information contained in the Plaintiff's IFP application, the Court finds that leave to proceed in this Court without prepayment of fees is authorized under 28 U.S.C. § 1915. As the Court grants Plaintiff's IFP application, Plaintiff's Notice of Removal is subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2). For the reasons set forth below, Plaintiff's Notice of Removal will be **DISMISSED** *without prejudice*.

## I.    BACKGROUND[1]

Plaintiff filed a Notice of Removal seeking to remove two matters arising under Rahway Municipal Court Docket Nos. E25-001029-38 and S2025-000009. (NOR at 2.) Plaintiff brought forth statutory and constitutional objections before the City of Rahway Municipal Court regarding

---

[1] The Court cites to page numbers listed in the ECF header.

traffic citations and the "seizure of his private consumer goods without a warrant or due process." (Suppl. Notice at 2.) Plaintiff's objections included violations of Art. 1 Para. 7, 10 of the New Jersey Constitution, and the Fourth Amendment and Fourteenth Amendment of the United States Constitution. (*Id.*)

Plaintiff had a scheduled hearing on July 10, 2025 (NOR at 2), and according to the municipal court's dockets, Plaintiff has since been found guilty in both municipal cases at issue. *See* New Jersey Courts, Rahway Municipal Court Docket Nos. E25-001029-38 and S2025-000009 (Sept. 28, 2025).[2]

In this matter, Plaintiff brings this action against the City of Rahway Municipal Court ("Municipal Court"); Roman A. Montes, Franklin Zelaya, Chris White, and Marshal (the "Individual Municipal Court Defendants") and the Municipal Court together with the Individual Municipal Court Defendants (collectively "Defendants"). (*See generally* NOR; *see generally* Suppl. Record.) In Plaintiff's Supplementation of Record, he raises a violation of 18 U.S.C. § 3161(c)(1) by the municipal clerk and judge in failing to docket or rule on his filings, conduct an evidentiary hearing, or provide him with a meaningful opportunity to be heard for over seven months. (Suppl. Notice at 12.) The municipal judge and clerk bonded the case using a bid bond, performance bond, and payment bond. (Suppl. Notice at 12-15.) Plaintiff asserts this breached the fiduciary duties of the judge and clerk and deprived Plaintiff of due process. (*Id.*)

Plaintiff seeks monetary damages, injunctive relief, and removal of his case from the Municipal Court pursuant to 28 U.S.C. §§ 1331, 1443(1), and 1446. (NOR at 2.)

---

[2] The Court may take judicial notice of the underlying municipal court proceedings. *See In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant here."); *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

## II.    LEGAL STANDARD

In submitting the IFP application, the Complaint is subject to *sua sponte* screening and may be dismissed if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) or dismiss any defendant who is immune from suit.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

> Federal Rule of Civil Procedure 8(a) requires that a complaint contain:
>
> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff.  *Haines v.*

3

*Kerner*, 404 U.S. 519, 520–21 (1972).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086–87 (3d Cir. 1995).

In matters where a plaintiff proceeds *pro se,* district courts are required to construe the complaint liberally. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

## III.    DISCUSSION

Plaintiff appears to appeal an adjudicated municipal court decision by asserting that the proceedings in municipal court violated his constitutional and statutory rights. (*See generally* NOR.) This Court finds that the Plaintiff has given improper notice, failed to plead facts supporting his claims that the Defendants either denied, cannot enforce, or violated his federally protected rights, or that an appeal in state court could not remedy his injuries.

Plaintiff seems to allege that the Municipal Court ("Defendant") is liable under a theory of *respondeat superior*, contending that the municipal judge and clerk violated his rights under the Fourth Amendment, Fourteenth Amendment, 42 U.S.C. § 1983, 18 U.S.C. § 3161(c)(1), as well as the New Jersey Constitution and related state statutes. (NOR at 2; Suppl. Notice at 12-13.)

### A.  Removal of a Case to Federal Court

When a defendant removes a case to federal court, the district court must remand the case to the lower court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Removal statutes are to be "strictly construed

4

against removal and all doubts should be resolved in favor of remand." *A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (internal quotation marks omitted). The party asserting that federal jurisdiction exists in a removal case "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court," and thus "bears a heavy burden of persuasion." *See New Jersey v. Lewis El*, No. 23-2326, 2023 WL 6843319, at *2 (D.N.J. Oct. 17, 32023) (internal quotation marks omitted); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

As a threshold matter, Plaintiff's Notice of Removal is improper. Plaintiff has failed to file all pleadings previously filed in the Municipal Court matter as required by federal law. 28 U.S.C. § 1446. Moreover, a suit cannot be removed to federal court merely because, during litigation, causes of action or defenses under the Constitution arise; the original suit must allege Constitutional violations for removal to be proper. *See Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 460-461 (1894); *see Central R. Co. v. Mills*, 113 U. S. 249, 257 ("the question whether a party claims a right under the constitution or laws of the United States is to be ascertained by the legal construction of its own allegations, and not by the effect attributed to those allegations by the adverse party").

### B. Claims of Constitutional and Section 1983 Violations

Plaintiff's assertions that the municipal proceedings at issue violate the Fourth Amendment, Fourteenth Amendment, 42 U.S.C. § 1983, and Article I, Paragraphs 1, 7 of the New Jersey Constitution are, by the Plaintiff's own admission, defenses presented by Plaintiff at the municipal level. (*See* Suppl. Notice at 12.) However, Plaintiff is seeking removal under the 28 U.S.C. § 1443(1) statutory exemption to the well-pleaded complaint rule. To invoke federal district court jurisdiction under 28 U.S.C. § 1443(1), one seeking removal must "have been denied or

5

cannot enforce their alleged federally protected equal civil rights in the state courts." *City of Chester v. Anderson*, 347 F.2d 823, 824 (3d Cir. 1965). Plaintiff has made no showing to that effect.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994). Thus, it is well settled that a Section 1983 claim may only be brought against a "person." *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Here, Plaintiff's claims against the Municipal Court must be dismissed because that entity is not a "person" capable of being sued under Section 1983. *Caldwell v. Vineland Mun. Ct.*, No. CIV. 08-4102 JBS, 2011 WL 900055, at *2 (D.N.J. Mar. 14, 2011). In addition, local government units are generally not liable under Section 1983 on a *respondeat superior* theory, which holds a municipal employer liable for the constitutional violations of its employees. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n. 8, 105 S. Ct. 2427, 85 L.Ed.2d 791 (1985); *Monell*, 436 U.S. at 690–91, 694.

Next, Plaintiff asserts violations of due process, breach of fiduciary duty, and the Fourteenth Amendment by the municipal clerk and judge but fails to plead any factual allegations regarding their conduct.  (Cite to the record.) *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (explaining that a civil rights complaint must allege facts identifying the "conduct, time, place, and persons responsible").  Additionally, Plaintiff claims that his municipal cases have been unlawfully prolonged in violation of 18 U.S.C. § 3161(c)(l) due to the Municipal Court's failure to "docket or rule on any filings, [c]onduct an evidentiary hearing, [or] [p]rovide a meaningful

6

opportunity to be heard." (Suppl. Notice at 12.) First, it is well settled that a judge is absolutely immune from "suit for monetary damages arising from judicial acts, except for those taken in the complete absence of all jurisdiction." *Baquero v. Mendoza*, 828 Fed.Appx. 137, 140 (3d Cir. 2020) (citation omitted). Additionally, judicial immunity applies to judges and to the employees assisting judges in the performance of their judicial duties, and allegations that actions were undertaken with bias or improper motive are no less immune under this doctrine. *See Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Hughes v. Long*, 242 F.3d 121 (3d Cir.2001). Thus, Plaintiff's claims against the Individual Municipal Court Defendants must also be dismissed to the extent they arise from an adjudicatory process, on grounds of judicial immunity. *See Caldwell*, 2011 WL 900055, at *2.

### C. Plaintiff's Notice of Removal as an Appeal

Finally, to the extent Plaintiff's Notice of Removal acts as an appeal, 28 U.S.C.S. § 1257 limits federal review to the judgment of the highest state court in which a decision could be had. Federal courts are not the proper venue for the direct review of a municipal court decision if the state court system has not been exhausted, including appellate review in the state's highest court. *Costarelli v. Massachusetts*, 421 U.S. 193, 195 (1975). The Third Circuit narrowly construes the exceptional instances in which a district court may take action during the pendency of an appeal. *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 268 (3rd Cir. 2005). "A [district] court may, for example, review attorney's fees applications, order the filing of bonds, modify or grant injunctions, issue orders regarding the record on appeal, [] vacate bail bonds and order arrests… and approve or disapprove counsel." *Id*. Here, Plaintiff has not yet exhausted the state court system, and thus his appeal cannot be heard in federal court. Plaintiff also failed to allege any facts suggesting an appeal in state court would deny, fail to enforce, or violate his federally protected rights, which

7

would make district court action proper under Section 1443. 28 U.S.C. § 1443(1). Therefore, Plaintiff's petition for removal is denied.

Ultimately, having screened Plaintiff's petition for removal, the Court finds that Plaintiff fails to state a claim upon which relief can be granted. Specifically, Plaintiff has given improper notice, failed to plead facts supporting his claims that the defendants either denied, cannot enforce, or violated his federally protected rights, and failed to plead facts suggesting an appeal in state court could not remedy his injuries.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's IFP application (ECF No. 7) is **GRANTED**. Plaintiff's petition for removal is **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2). To the extent Plaintiff can cure the deficiencies outlined herein, the Court will give Plaintiff thirty (30) days to file an amended complaint. If Plaintiff fails to file an amended pleading within that time, the Complaint will be dismissed with prejudice in its entirety. An appropriate Form of Order accompanies this Opinion.

**DATED:**    4/16/2026

JULIEN XAVIER NEALS
United States District Judge